**UNITED STATES of America**

v.

**Harold SILVERSTEIN.**

**Crim. A. No. 6814.**

United States District Court
D. New Hampshire.

March 30, 1967.

Louis M. Janelle, U. S. Atty., Concord, N. H., for plaintiff.

Smith, Welts, Robertson & McGinnis, Douglas D. Robertson, Nashua, N. H., Burton L. Williams, Boston, Mass., for defendant.

### ORDER ON DEFENDANT'S MOTION TO SUPPRESS

CONNOR, District Judge.

The defendant has been charged by the Grand Jury in a three count indictment with violating Section 7201, Internal Revenue Code; 26 U.S.C., Section 7201. Defendant's counsel has moved this court to suppress for use as evidence by the government all papers, photographs, tape recordings or writings, memoranda, correspondence, transcripts, summaries, abstracts and *aides de memoire*, accounts, books, records or journals, whether in the form of an original, a copy or reproduction, as well as testimony *viva voce*, which contain references or pertain to the criminal investigation of the defendant taxpayer. At the hearing on this motion and in a written brief, defendant's counsel has contended that the principles set forth in Escobedo v. State

of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), required agents of the Internal Revenue Service to advise the defendant taxpayer of his constitutional rights when the routine civil tax audit of the defendant taxpayer became a criminal investigation for tax evasion. The defendant, his counsel alleges, was not informed of his right to counsel nor of his right to remain silent, and was not aware of the fact that the investigation had become criminal in nature.

An evidentiary hearing was held on the instant motion and, after reviewing the evidence, the Court finds that Special Agent March informed the defendant that his prime purpose was to investigate potential criminal tax violations. The Court finds that Special Agent March informed the defendant of his right to remain silent and explained that anything the defendant said might be used against him in criminal proceedings which thereafter might be brought against him by the government. The Court finds that the defendant understood what Special Agent March told him. In view of the above findings, it is unnecessary for the Court to determine whether or not the government agents were obliged to inform the defendant of his right to remain silent when the nature of the tax investigation shifted from civil to criminal.

The Court finds that the defendant was not informed by Special Agent March of his right to counsel. The Court holds, as a matter of law, that the principles of the *Escobedo* case, supra, as clarified by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not apply to the instant factual situation. The defendant's objections are succintly answered by Judge Jameson in his opinion in Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965), cert. denied, 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017 (1966), in which similar objections were raised. Judge Jameson stated:

In taking the phrase "focus on a particular suspect" out of context, appellant would extend the rule of Escobedo beyond any logical implication of the effect of that decision. The Supreme Court in Escobedo referred to an unsolved crime. The existence of the crime was apparent. The police were seeking to identify the offender. The accused had been taken into custody. In the instant case the essential question to be determined by the investigations of the revenue agents was whether in fact any crime had been committed. The accused had not been indicted or arrested. At p. 901.

\* \* \* \* \* \*

We find nothing in the Escobedo opinion or its "philosophy" which would impose this duty upon revenue agents during their investigation of a taxpayer's tax returns and records. It is clear that all statements made and all documents delivered were voluntary acts of the appellant and were not induced by stealth, trickery, or misrepresentation. At p. 902.

The defendant taxpayer was not held in custody. The Court finds that defendant's statements and defendant's documents were voluntarily given to agents of the Internal Revenue Service and that the production of said items was not induced by any fraud, stealth, trickery, misrepresentation or coercion on the part of the government agents. See Scanlon v. United States, 223 F.2d 382 (1st Cir. 1955).

The defendant's motion to suppress is denied.